## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

TIM DESCHAMPS,

      Plaintiffs,

v.                                      No. 1:23-CV-1166-WJ-SCY

NEW MEXICO DEPARTMENT OF HEALTH dba
NEW MEXICO BEHAVIORAL HEALTH
INSTITUTE, SUSIE ARCHULETA,
JEREMY GONZALES, and RICHARD VIGIL

      Defendants.


## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Fed. R. Civ. P. 41(b) on the Complaint filed by Plaintiff Tim Deschamps (Doc. 1) and the Court's Order granting counsel's Motion to Withdraw as Attorney (Doc. 27). The Court will dismiss the Complaint without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects Plaintiff's counsel filed an Opposed Motion to Withdraw as Attorney, citing lack of communication from his client as a basis for the withdrawal. (Doc. 25). On March 5, 2025, the Court entered its Order granting counsel's Motion to Withdraw. (Doc. 27). As grounds for its ruling, the Court found that Plaintiff had ceased communication with his attorney for an extended period in excess of a year. (Doc. 27 at 2). The Court directed that Plaintiff be served with a copy of the Order at 15 e-mail addresses and 5 mailing addresses provided by counsel and contained in the Court record. (Doc. 27 at 2-3). Last, the Order stated that "within 30 days of entry of this Order, Plaintiff Tim Deschamps shall notify the Clerk of his current address. The failure to timely comply may result in dismissal without further notice." (Doc. 27 at 3).

More than 30 days has elapsed since entry of the Court's Order (Doc. 27). Plaintiff Deschamps has not provided the Clerk with a current address or otherwise communicated with the Court. Further, mailings to Plaintiff Deschamps were returned as undeliverable. (Doc. 28, 29). It appears from the record that Plaintiff Deschamps has failed to advise the Court of his current address, as required by D.N.M. LR-Civ. 83.6, and has ceased communication, thus severing contact with the Court.

Following withdrawal by his counsel, Plaintiff Tim Deschamps is deemed to be proceeding pro se. Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including pro se parties, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Deschamps has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's March 5, 2025 Order.

Plaintiff Deschamps has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address and not communicating with the Court. The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

Also pending before the Court is Defendants' Motion for Summary Judgment (Doc. 19). The Court will deny the motion as moot and without prejudice based on the dismissal of this proceeding.

**IT IS ORDERED** that the Complaint filed by Plaintiff Tim Deschamps **(Doc. 1)** is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Order and failure to prosecute.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment **(Doc. 19)** is **DENIED** as moot and without prejudice.

/s/

_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE